IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.S. WHITE BURS, INC., <br> a New Jersey Corporation, and <br> TEMPLE UNIVERSITY - <br> OF THE COMMONWEALTH <br> SYSTEM OF HIGHER EDUCATION, a <br> non-profit corporation of the <br> Commonwealth of Pennsylvania, <br><br> Plaintiffs, <br><br> v. <br><br> NEO-FLO, INC. <br> d/b/a MICROCOPY <br> a California corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 02-cv-3656 <br><br> Hon. Bruce Kauffman, U.S.D.J. |

**PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM**

Plaintiffs, S.S. White Burs, Inc. ("S.S. White") and Temple University - of the Commonwealth System of Higher Education ("Temple University") move this Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Counterclaim of defendant Neo-Flo, Inc. d/b/a Microcopy ("Microcopy").

**I.    INTRODUCTION**

On July 10, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6,257,889 ("'889 patent") for a new and useful "Dental Bur and Method," invented by Dr. Daniel W. Boston, Chairman of the Department of Restorative Dentistry at Temple University.  (Complaint, ¶¶ 10, 12).  S.S. White is a leading manufacturer of dental burs and obtained a worldwide license from Temple University to make and sell dental bur products under the '889 patent.  (Complaint, ¶13).  Earlier this year, plaintiffs discovered that Microcopy was infringing the '889 patent, and filed their Complaint for patent infringement on June 7, 2002.

Doc. No. 1095091-1

Between the time S.S. White and Temple University learned of the infringement and the time the Complaint was served on Microcopy, the plaintiffs attempted to settle this matter. No settlement was reached and Microcopy subsequently filed its Answer with an unidentified two paragraph Counterclaim. The Counterclaim merely characterizes the communication between the parties and their respective counsel upon Microcopy being informed of its infringement. Plain and simply, Microcopy's allegations of the settlement dialog between its counsel and counsel for the plaintiffs does not state a claim upon which relief can be granted. Moreover, the Counterclaim seeks relief declaring the '889 patent to be invalid and/or unenforceable even though there are absolutely no allegations directed to any invalidity or unenforceability of the patent in the Counterclaim. Accordingly, Microcopy's Counterclaim must be dismissed with prejudice.

## II.     ARGUMENT

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) when it appears that plaintiff (or counter-plaintiff) can prove no set of facts in support of its claim which would entitle it to relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957). An examination is made to determine whether the allegations constitute a "short and plain" statement of a claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a). See also *Wright & Miller, Federal Practice and Procedure:  Civil 2d* § 1357 (1990). When examining the sufficiency of the claim under Rule 8(a), however, conclusory allegations merely stating the general legal conclusions necessary to prevail on the merits (and which are unsupported by facts) are not taken as true. Clapp v. Greene, 743 F.Supp. 273, 276 (S.D.N.Y. 1990). Such a "short and plain statement of the claim" must give the opposing party fair notice of what the claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957).

The Counterclaim filed by Microcopy does not provide a short or plain statement of a claim demonstrating that it is entitled to relief.    Microcopy's characterization of the communication between the parties and their counsel before service of the Complaint is set forth in Paragraph 2 of its Counterclaim.  First, the Counterclaim attaches a March 5, 2002 letter from Roger Hansen, President of S.S., White, to Tom Mass, President of Microcopy, informing Mr. Mass that the sale of the Microcopy Pit & Fissure Diamond violates the '889 patent.  (Exh. A of Counterclaim).  Mr. Hansen's letter suggested that the parties resolve the matter amicably rather than through expensive litigation.  (Exh. A of Counterclaim).  Thereafter, counsel for the parties exchanged additional correspondence, including an April 10, 2002 letter signed by Microcopy's counsel, Robert B. Kennedy, on conclusions concerning Microcopy's product.   (Exh. F of Counterclaim).

Temple University and S.S. White subsequently filed their Complaint on June 7, 2002. Counsel for the plaintiffs, Gary R. Gillen, on June 13, 2002 wrote Mr. Kennedy in a letter clearly marked "CONFIDENTIAL RULE 408 DISCUSSIONS" informing him that the Complaint had been filed and that Mr. Hansen of S.S. White would contact Mr. Mass of Microcopy to discuss settlement.  (Exh. G of Counterclaim).[1]   Mr. Kennedy wrote back to Mr. Gillen on July 11, 2002 and enclosed a sample Microcopy product.   (Exh. H of Counterclaim).  On August 5, 2002 Mr. Gillen informed Mr. Kennedy that there was no confusion that Microcopy was infringing the

---

[1] Federal Rule of Evidence 408 provides in part:

> "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.  Evidence of conduct or statements made in compromise negotiations is likewise not admissible."

The purpose of Rule 408 is to encourage settlements. Agnew v. Aydin Corporation, 1988 U.S. Dist. LEXIS 9911, *8, Civil Action No. 88-3436, (E.D.Pa. 1988).  It is generally believed that settlement negotiations will be inhibited if the parties are aware their statements may later be used as admissions of liability. Id.  Therefore, plaintiffs request pursuant to Federal Rule of

claims of the '889 patent and that the Complaint had been served on Microcopy's registered agent.  (Exh. I of Counterclaim).

The characterization of the written communication between the parties in the Counterclaim does not demonstrate that Microcopy is entitled to relief.  Such allegations in the Counterclaim (even if taken as true) would only demonstrate that various communications between the parties and their attorneys took place, and would not establish an underlying cause of action.  Therefore, Microcopy has not plead a Counterclaim which entitles it to the relief requested in items A-G of its prayer for relief.

In particular, Microcopy has requested relief in the form of a judgment declaring the '889 patent to be invalid or unenforceable.  (Item C of Counterclaim prayer for relief).  Microcopy has made absolutely no allegation directed toward any invalidity and/or unenforceability of the '889 patent.  Thus, Microcopy has utterly failed to state a claim upon which this request for relief can be granted.  Accordingly, Microcopy's Counterclaim should be dismissed.

Furthermore, Microcopy has failed to plead allegations sufficient for a finding of an "exceptional case" under 35 U.S.C. § 285 to be made.  An award of attorneys fees against a plaintiff under § 285 may only be made when the plaintiff has acquired his patent by fraud or brings an infringement suit with no good faith belief that his patent is valid and infringed.  Arbrook, Inc. v. American Hospital Supply Corporation, 645 F.2d 273, 279 (Fed.Cir. 1981).  Microcopy has not alleged that the '889 patent was acquired by fraud nor has it alleged that S.S. White and Temple University brought suit without a good faith belief that the patent was valid and infringed.  Microcopy's allegation that this is an "exceptional case" is based solely on its own attorney claiming that infringement did not exist.  Self serving statements made by Microcopy's counsel are insufficient to meet the standards required for an exceptional case.

Evidence 408 and Fed.R.Civ.P. 12(f) that all allegations which refer or relate to the

Therefore, Microcopy has not plead allegations sufficient to support the relief requested and thus, the Counterclaim must be dismissed.

## III.    CONCLUSION

For these reasons, Plaintiffs, S.S. White and Temple University, request that Defendant's Counterclaim be dismissed with prejudice.    Plaintiffs also request that all allegations in Defendant's Counterclaim which refer or relate to the correspondence identified in Exhibit G of the Counterclaim be stricken with prejudice.

Respectfully submitted,

COZEN O'CONNOR, P.C.,
Attorneys for Plaintiffs


By:_____
    Camille M. Miller
    1900 Market Street
    Philadelphia, PA  19103
    Telephone:  (215) 665-2000
    Attorneys S.S. White Burs, Inc. and
    Temple University – of The Commonwealth
    System Of Higher Education

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was served upon the below-identified individual(s) via facsimile and U.S. First Class Mail on the below date:

Daniel J. Layden, Esq.
Piper Rudnick, LLP
3400 Two Logan Square 18th & Arch Streets
Philadelphia, Pennsylvania  19103-2762

Lea Hall Speed, Esq.
Baker Donelson Bearman & Caldwell, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103

_____