IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S. WHITE BURS, INC., a New Jersey Corporation, and TEMPLE UNIVERSITY - OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, a non-profit corporation of the Commonwealth of Pennsylvania,<br><br>Plaintiffs,<br><br>v.<br><br>NEO-FLO, INC. d/b/a MICROCOPY a California corporation,<br><br>Defendant. | Civil Action No. 02-cv-3656<br><br>Hon. Bruce Kauffman, U.S.D.J. |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSITION
TO PLAINTIFFS' MOTION FOR *PRO HAC VICE* ADMISSION
OF THOMAS J. RING, BART T. MURPHY, AND GARY R. GILLEN**

Plaintiffs, Temple University of the Commonwealth System of Higher Education ("Temple University") and S.S. White Burs, Inc. ("S.S. White"), by and through its counsel, hereby responds to Defendant's, Neo-Flo, Inc.'s (d/b/a "Microcopy's") opposition to Plaintiffs' Motion for *Pro Hac Vice* Admission of Thomas J. Ring, Bart T. Murphy and Gary R. Gillen, and states as follows:

**I.     INTRODUCTION**

Microcopy's opposition to the p*ro hac vice* admission of attorneys from the law firm of Wildman, Harrold, Allen & Dixon ("Wildman Harrold") in this case is nothing more than a strategic maneuver to deny plaintiffs, Temple University and S.S. White, their choice of counsel. Microcopy is seeking to oppose plaintiffs' *pro hac vice* motion because plaintiffs' counsel, Gary R. Gillen of Wildman Harrold, was involved in successfully prosecuting U.S. Patent No. 6,257,889 ("889 patent") before the U.S. Patent and Trademark Office. Because plaintiffs'

counsel at Wildman Harrold are familiar with the patent at issue and the underlying dental bur technology, defendant Microcopy has sought to block the plaintiffs from using their own attorneys in an attempt to gain a tactical advantage against Temple University and S.S. White in this case.

This is *not* a situation involving adverse representation against a former client and client loyalty is not at issue. The same firm, Wildman Harrold, provided representation to obtain the patent and seeks admission to this Court for enforcement of the patent on behalf of the *same* client – Temple University and its licensee S.S. White. Microcopy has not alleged that the patent was obtained by any improper means nor has it clearly demonstrated why plaintiffs' counsel would be necessary trial witnesses. Furthermore, Microcopy has absolutely no basis for its unsupported conclusion that the knowledge plaintiffs' counsel acquired during prosecution of the '889 patent will disadvantage the plaintiffs. On the contrary, this familiarity with the technology and the '889 patent by plaintiffs' counsel will serve to benefit the plaintiffs. Thus, Microcopy's opposition is not grounded in law or fact and is clearly an attempt to prejudice S.S. White and Temple University. Plaintiffs' Motion for Admission *Pro Hac Vice* must be granted.

**II.   ARGUMENT**

The Wildman Harrold law firm prosecuted before the U.S. Patent and Trademark Office, a patent application for a novel "Dental Bur and Method" and was able to successfully obtain issuance of the '889 patent. The '889 patent is assigned to Temple University and is exclusively licensed by S.S. White. One of the plaintiffs' attorneys requesting admission *pro hac vice*, Gary R. Gillen, was involved in successfully prosecuting the '889 patent to issuance.[1] (Defendant's Opposition p. 3). When Temple University and S.S. White discovered Microcopy's infringement of the '889 patent, logically the Wildman Harrold firm (including Mr. Gillen) was

---

[1] Wildman Harrold attorneys Thomas J. Ring and Bart T. Murphy were not involved in the prosecution of the '889 patent, nor does Microcopy allege any such involvement.

2

selected as their counsel as it was already familiar with the '889 patent and the underlying dental bur technology. Knowing this, Microcopy has sought to prejudice the plaintiffs by opposing the *pro hac vice* admission of Wildman Harrold attorneys Thomas J. Ring, Bart T. Murphy and Gary R. Gillen.

### A. Standard for Disqualification

In essence, Microcopy's opposition to plaintiffs' motion for admission *pro hac vice* is an attempt to disqualify plaintiffs' choice of counsel in this patent infringement lawsuit. The United States District Court for the Eastern District of Pennsylvania has recognized that a party's "choice of counsel is entitled to substantial deference". Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F.Supp. 1200, 1203 (E.D.Pa. 1992) citing Hamilton v. Merrill Lynch, 645 F.Supp. 60, 61 (E.D.Pa. 1986). Moreover, "the court must prevent litigants from using motions to disqualify opposing counsel for tactical purposes." Id. Disqualification is a harsh measure, and therefore, "motions to disqualify opposing counsel generally are not favored." Id.

The party seeking to disqualify opposing counsel bears the burden of clearly showing that continued representation would be impermissible. Cohen v. Oasin, 844 F.Supp. 1065, 1067 (E.D. Pa. 1994). Vague and unsupported allegations are not sufficient to meet this standard. Id. Microcopy's opposition is entirely based on the unsupported allegation that the clients (S.S. White and Temple University) and their attorneys (Wildman Harrold) have diverging interests. No evidence has been presented for such unfounded allegations, clearly revealing Microcopy's opposition as an obvious tactical move to prevent S.S. White and Temple University from selecting their counsel of choice. Microcopy has not met the high standards to disqualify opposing counsel, and thus, Plaintiffs' Motion for *Pro Hac Vice* Admission must be granted.

**B. Patent Attorneys Often Represent the Same Clients in Subsequent Litigation**

In its opposition, Microcopy initially argues that patent attorneys are often excluded from representing clients in litigation involving the patent which they prosecuted. Microcopy's reliance on Sunkist Growers, Inc. v. Benjamin Ansehl Co., 221 USPQ 1077 (Coms Pats, 1984), in support of this proposition is in opposite to the case at hand. First, Sunkist Growers is a trademark case and does not even relate to patents, patent attorneys, prosecution of patent applications or defenses of patent invalidity or enforceability. Id. Additionally, Sunset Growers involved an attorney that was hired by a new law firm which was litigating a trademark opposition against one of the attorney's former clients. Id. At 1078.[2] This is clearly distinct from the present case as Wildman Harrold representation does not concern a "former client" and certainly does not involve adverse representation against a former client.

Contrary to Microcopy's allegation, prosecuting patent attorneys are often permitted to represent the same clients in subsequent patent litigation matters. See Coolsavings.com v. E-Centives, 2000 U.S. Dist. LEXIS 12985, *8-12 (N.D.Ill. 2000)(motion to disqualify plaintiff's patent attorney which prosecuted patent from representing same client in enforcement of patent denied where defendant failed to demonstrate projected testimony of attorney would be substantially prejudicial to client); Interactive Coupon Marketing Group, Inc. v. H.O.T.! Coupons LLC., 1999 U.S. Dist. LEXIS 9004, *8-11 (N.D.Ill. 1999)(motion to disqualify plaintiff's patent counsel from representing plaintiff in subsequent litigation involving same patent prosecuted denied). See also Bristol Meyers Squibb v. Rhone-Poulenc Rorer, Inc., 2000 U. S. Dist. LEXIS 16015, *7 (S.D.N.Y. 2000)(request to disqualify patent attorneys who drafted patent opinion letter denied because letter could be admitted as evidence without attorney testimony); Mitts & Merrill, Inc. v. Shred Pax Corp., 112 F.R.D. 349, 353-54 (N.D.Ill.

1986)(patent attorney not disqualified from representing patentee in action seeking declaration of patent invalidity, even though opposing party argued it would call attorney as a witness, where the testimony solicited was privileged or not prejudicial to patentee).  Accordingly, Wildman Harrold should be permitted to continue its representation of the plaintiffs in this case.

### C. Microcopy Has Not Clearly Demonstrated that Wildman Harrold Attorneys are Necessary Trial Witnesses

Next, Microcopy vaguely asserts that Mr. Gillen obtained "factual information that is highly material to this case, especially in light of Defendant's assertions of the defenses of invalidity and unenforceability." (Defendant's Opposition p. 3).  However, Microcopy provides absolutely no details on what its invalidity and unenforceability defenses are based.  Certainly there is no demonstration by Microcopy as to why the alleged "factual information" has any relation to these purported defenses.  It should be noted that Microcopy has not made any allegations in its affirmative defenses or counterclaims of inequitable conduct or that the '889 patent was procured by any improper means.  (See Defendant's Answer and Counterclaims).[3]  Disqualification of an attorney is inappropriate where issues of fraud or misconduct in prosecution of patent were absent from case.  Telectronics Proprietary, Ltd. v. Medtronic, Inc., 836 F.2d 1332, 1337 (Fed.Cir. 1988).  Therefore, Microcopy has not met the high standard to disqualify opposing counsel and plaintiffs' motion for admittance *pro hac vice* should be granted.

Microcopy further proceeds to conclude that Mr. Gillen is likely to be a necessary witness at trial.  Microcopy's opposition is entirely lacking as to why any purported testimony of Mr. Gillen relates to its allegations of "invalidity or unenforceability".  In Gaull v. Wyeth

---

[2] It should be noted that in Sunkist Growers the law firm was not disqualified from representing its client even though the associate attorney it hired previously represented the adverse party to the opposition.  Sunkist Growers, Inc. at 1083.

Laboratories, Inc., 687 F.Supp. 77, 80 (S.D.N.Y. 1988), the court concluded that disqualification of plaintiff's counsel which prosecuted the patent at issue and represented plaintiff in the subsequent litigation was inappropriate because the defendant failed to show that he was a necessary witness. The court found that the testimony of the patent attorney would be merely cumulative of the written record for the patent and of the inventor's testimony and accordingly denied defendant's motion to disqualify. Id. Similarly, Microcopy has failed to clearly demonstrate that Mr. Gillen (as well as Mr. Ring or Mr. Murphy) will be necessary witnesses at trial, and thus, Plaintiffs' Motion for *Pro Hac Vice* Admission must be granted.

Microcopy cited Rule 3.7 of the Pennsylvania Rules of Professional Conduct in support of excluding Mr. Gillen from participating in this case. First, as stated above, Microcopy has not shown that Mr. Gillen is likely to be a necessary witness at trial which is required under Rule 3.7(a). Additionally, disqualification would work as a substantial hardship to the plaintiffs as they would be denied representation from their attorneys familiar with the technology at issue. Moreover, Microcopy seeks to disqualify Mr. Gillen (and Mr. Ring and Mr. Murphy) from representing plaintiffs in all matters before this Court even though Rule 3.7 of the Pennsylvania Rules of Professional Conduct only prevents an attorney from acting as an "advocate at trial". Pyne v. Procacci Brothers Sales Corp., 1997 U.S. Dist. LEXIS 15672, *3-4 (E.D.Pa. 1997). Nothing in Rule 3.7 prevents any of the attorneys from representation in all pretrial matters including discovery. Id. Therefore, Microcopy's opposition to the admission of Mr. Ring, Mr. Murphy and Mr. Gillen must be denied.

---

[3] It should be noted that Microcopy's Counterclaim does provide a number of alleged statements made from its own attorney, Robert Kennedy, which in order to prove may require the testimony of Mr. Kennedy. However, Microcopy has not withdrawn Mr. Kennedy's appearance in this case.

### D. Representation Is Not Adverse to Former Client

Finally, Microcopy attempts to preclude all members of the Wildman Harrold law firm based on Rule 1.9(b) of the Pennsylvania Rules of Professional Conduct. Microcopy's argument is entirely misplaced because Pa.Rule.Prof.Conduct 1.9 relates to adverse representation against a <u>former</u> client.

Rule 1.9(b) of the Pennsylvania Rules of Professional Conduct states:

A lawyer who has <u>formerly represented a client</u> in a matter shall not thereafter:

> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known. (emphasis added).

Wildman Harrold has not previously represented Microcopy, nor does Microcopy even allege that such former representation ever exited. Wildman Harrold's representation of the plaintiffs is a consistent representation, for patent prosecution and for enforcement of the patent, and does not involve a former client.[4] Because no former client exists, Rule 1.9(b) does not apply. Moreover, Microcopy's attempt to disqualify all Wildman Harrold attorneys is solely based on the false premise that Mr. Gillen's testimony will be "disadvantageous to Plaintiffs because it will necessarily limit or even void the protection afforded" by the '889 patent. (Defendant's Opposition p. 5). This conclusory allegation is ludicrous and is entirely unsupported by any facts of record. Accordingly, Plaintiffs' Motion for Admission *Pro Hac Vice* of Thomas J. Ring, Bart T. Murphy and Gary R. Gillen should be granted.

---

[4] Rule 1.9 of the Rules of Professional Conduct provides generally that a lawyer who has formerly represented a client may not represent another person in the same or a related matter whose interests are adverse to those of the former client absent consent of the former client after full disclosure, nor may a lawyer use information relating to the representation to disadvantage the former client. <u>Pine</u>, 1997 U.S. Dist. LEXIS 15672, *4 at n. 2.

**III.    CONCLUSION**

      For these reasons, plaintiffs' respectfully request that their Motion for Admission *Pro Hac Vice* of Thomas J. Ring, Bart T. Murphy, and Gary R. Gillen be granted.

                                          Respectfully submitted,

                                          COZEN O'CONNOR, P.C.,
                                          Attorneys for Plaintiffs


                                          By:_____
                                               Camille M. Miller
                                               1900 Market Street
                                               Philadelphia, PA  19103
                                               Telephone:  (215) 665-2000
                                               Attorneys S.S. White Burs, Inc. and
                                               Temple University – of The Commonwealth
                                               System Of Higher Education

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document was served upon the below-identified individual(s) via facsimile and U.S. First Class Mail on the below date:

Ronald Schiller, Esq. and Daniel Layden, Esq.
Piper Rudnick, LLP
3400 Two Logan Square 18th & Arch Streets
Philadelphia, Pennsylvania  19103-2762


Lea Hall Speed, Esq.
Baker Donelson Bearman & Caldwell, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103


Robert B. Kennedy, Esq.
Baker Donelson Bearman & Caldwell, PC
Five Concourse Parkway
Suite 900
Atlanta, Georgia  30328


_____
Camille M. Miller

**APPENDIX OF LEXIS-NEXIS™ CASES CITED IN BRIEF**

*COOLSAVINGS.COM, INC. V. E-CENTIVES, INC.*,
2000 U.S. Dist. LEXIS 12985

*BRISTOL-MYERS SQUIBB COMPANY V. RHONE-POULENC RORER, INC.*,
2000 U.S. Dist. LEXIS 16015

*INTERACTIVE COUPON MARKETING GROUP, INC. V. H.O.T! COUPONS, LLC*,
1999 U.S. Dist. LEXIS 9004

*PYNE V. PROCACCI BROTHERS SALES CORP.*,
1997 U.S. Dist. LEXIS 15672