IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.S. WHITE BURS, INC. and | : | CIVIL ACTION |
| TEMPLE UNIVERSITY – OF THE | : | |
| COMMONWEALTH SYSTEM OF | : | NO. 02-CV-3656 |
| HIGHER EDUCATION | : | |
| | : | |
| v. | : | |
| | : | |
| NEO-FLO, INC. d/b/a MICROCOPY | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                   **October _____ , 2002**

Presently before the Court is Plaintiffs' Motion for Admission Pro Hac Vice of Thomas J. Ring, Bart T. Murphy, and Gary R. Gillen (docket no. 6). For the reasons set forth below, the Motion will be **GRANTED**.

In their complaint, Plaintiffs, S.S. White Burs, Inc. and Temple University, allege that Defendant Neo-Flo, Inc., d/b/a Microcopy infringed U.S. Patent No. 6,257,889 (hereinafter "'889 patent") in violation of 35 U.S.C. §§271(a)-(c). (Compl. at 3.) Defendant denies Plaintiffs' allegations and raises as an affirmative defense the argument that the '889 patent is invalid and unenforceable for failure to comply with the provisions of 35 U.S.C. § 1 et seq. (Ans. at 2.)

In the instant Motion, Plaintiffs seek the pro hac vice admission of Thomas J. Ring, Bart T. Murphy, and Gary R. Gillen.[1] Defendant opposes the Motion, asserting that Gillen was

---

[1] Plaintiffs' Motion was submitted by Camille M. Miller, Esquire, a member in good standing of the bar of this Court and includes declarations by Ring, Murphy, and Gillen that each is a member in good standing of the bar of the state of Illinois. This Court therefore finds that these attorneys qualify for pro hac vice admission to the Court. See E.D. Pa. R. Civ. P. 83.5.2, Comment 1; United States v. Costanzo, 740 F.2d 251, 259 n.2 (3d Cir. 1984), cert.

involved in the prosecution of the '889 patent and obtained information that is material to the present case during the course of representing the patent owner (Temple University). Defendant alleges that it is anticipated that Gillen will be called to testify as to the validity and / or enforceability of the '889 patent, and that his testimony will violate Rules 1.9(b) and 3.7(a) of the Pennsylvania Rules of Professional Conduct. Defendant seeks to prevent the pro hac vice admission of Ring and Murphy because of their association in the same law firm with Gillen. (Def. Opp. at 2-3.) Plaintiffs admit that Gary R. Gillen was involved in prosecuting the '889 patent, but argue that his involvement in the prosecution of the patent does not preclude him from serving as Plaintiffs' counsel. (Pls. Resp. at 1-2.)

Pennsylvania Rule of Professional Conduct 3.7(a), adopted in this Court pursuant to Local Rule of Civil Procedure 83.6(IV)(B), provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" (emphasis added). Defendant's allegation that the '889 patent is invalid and unenforceable is too vague to determine whether Gillen might be a necessary witness. See Cohen v. Oasin, 844 F. Supp. 1065, 1067 (E.D. Pa. 1994) (vague and unsupported allegations that representation is impermissible are not enough to disqualify opposing counsel).

Further, disqualification pursuant to Rule 3.7(a) is premature at this stage of the litigation. Rule 3.7 relates specifically to conduct "at a trial". Thus, nothing in Rule 3.7(a) prohibits Gillen's representation of Plaintiffs during the pre-trial phase of the litigation. Courts have been reluctant to consider disqualification before discovery is complete when the disqualification

---

denied, 472 U.S. 1017 (1985) (holding that to qualify for pro hac vice admission an attorney must be admitted and in good standing in some jurisdiction.)

would be based upon the counsel's likelihood of becoming a necessary witness at trial.  See, e.g., Rounick v. Fireman's Fund Ins. Co. of Wisconsin, 1996 U.S. Dist. LEXIS 6864, *3 (E.D. Pa. May 20, 1996).  This "wait and see" approach is consistent with the Court's recognition that a party's "choice of counsel is entitled to substantial deference."  Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1203 (E.D. Pa 1992).  If Gillen becomes a necessary witness, he will be barred from participating at trial.  It is not, however, for this Court to predict that outcome at this stage.

Defendant's argument that Gillen, Ring, and Murphy should be disqualified under Pennsylvania Rule of Professional Conduct 1.9(b) is also without merit.  Rule 1.9(b) states that "[a] lawyer who has formerly represented a client in a matter shall not thereafter . . . use information relating to the representation to the disadvantage of the former client".  Defendant does not allege that any of the attorneys in question ever represented Defendant.  Rather, Defendant alleges that Gillen's testimony "will be disadvantageous to Plaintiffs because it will necessarily limit or even void the protection afforded" by the '889 patent.  (Def. Opp. at 5.) Although it is conceivable that if Gillen were a necessary witness he might give testimony disadvantageous to Plaintiffs, there is no evidence of any divergence of interest at this point. Therefore, Defendant's argument for disqualification under Rule 1.9(b) fails.

It is therefore **ORDERED** that Plaintiffs' Motion is **GRANTED**.  Accordingly, Thomas J. Ring, Esq., Bart T. Murphy, Esq., and Gary R. Gillen, Esq. are admitted to participate pro hac vice in the above-captioned matter.

BY THE COURT:

_____
**BRUCE W. KAUFFMAN, J.**