IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S. WHITE BURS, INC. ) <br> a New Jersey Corporation, and ) <br> TEMPLE UNIVERSITY- ) <br> OF THE COMMONWEALTH ) <br> SYSTEM OF HIGHER EDUCATION, ) <br> a non-profit corporation of the ) <br> Commonwealth of Pennsylvania, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> NEO-FLO, INC. ) <br> d/b/a MICROCOPY ) <br> a California corporation, ) <br> ) <br> Defendant. ) | Civil Action No. No. 02-CV-3656 |

**PLAINTIFFS' RESPONSE PURSUANT TO RULE 56(F) IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Temple University-of the Commonwealth System of Higher Education ("Temple University") and S.S. White Burs, Inc. ("S.S. White"), by and through their counsel, hereby respond in opposition pursuant to Fed.R.Civ.P. 56(f) to Defendant's, Neo-Flo, Inc.'s (d/b/a "Microcopy's"), Motion for Partial Summary Judgment, and state as follows:

**I.   INTRODUCTION**

On July 10, 2001, United States Patent No. 6,257,889 ("889 patent") entitled "Dental Bur and Method" was duly and legally issued to Temple University, as assignee of the inventor Dr. Daniel W. Boston, the Chairman of the Department of Restorative Dentistry at Temple University. (Complaint ¶10,12). Plaintiff S.S. White is the worldwide exclusive licensee under the '889 patent. (Complaint ¶13). Upon learning of the infringement of the '889 patent as a result of Microcopy's sale and advertising of its Model #1300FS bur products, plaintiffs filed

1144845-1

this patent infringement lawsuit on June 7, 2002. Subsequently, a Scheduling Order was entered by this Court on October 17, 2002 setting the deadline for discovery to be completed by May 2, 2003 and the filing of dispositive motions by October 3, 2003. (See Exh. 1, Scheduling Order, October 17, 2002).

Although three and a half months of discovery remain in this case and no depositions have been taken by any of the parties, Microcopy filed a Motion for Partial Summary Judgment on December 18, 2002[1]. In its motion, Microcopy readily admits that it sells and advertises a bur with a conical shaped head that is 2.7 millimeters in length having a plurality of diamonds on the base of the bur and in which the bur is secured to a dental hand piece for use in drilling teeth. (Defendant's Motion for Partial Summary Judgment; pp. 2, 3, 11). Microcopy's motion also attaches three affidavits (two of which are from individuals who have never been identified) and a number of the exhibits attached to the motion are documents which were not previously produced in discovery.

In order for non-infringement to be found, an analysis of both literal patent infringement and infringement under the doctrine of equivalence must be made. Defendant's motion does not even address the doctrine of equivalence with regard to claim 29, and thus should be denied on this basis alone. However, what is clear is that Microcopy's motion is premature as no substantive discovery (including any depositions) have been taken in this case. Therefore, pursuant to Fed.R.Civ.P. 56(f) defendant's motion should be denied to allow the plaintiffs to: conduct discovery; obtain documents related to Microcopy's advertising, design and operation of its infringing bur products; depose witnesses to ascertain the credibility of the statements made in the motion's affidavits; and to investigate the factual allegations made in its motion.

## II.     APPLICABLE LAW

When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the nonmoving party. Big Apple BMW, Inc. v. BMW of N.Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  A Court may deny summary judgment if the motion is premature.  O'Connor v. Trans Union Corp., 1998 U.S. Dist. LEXIS 15129, *4, (E.D.Pa. 1998), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250(n.5), 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).  Because a plaintiff should not be "'railroaded' by a premature motion for summary judgment," the United States Supreme Court has held that a district court must apply Federal Rule of Civil Procedure Rule 56(f) if the opposing party has not made full discovery. Id., citing Celotex Corp. v. Catrett, 477 U.S. 317, 326, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Fed.R.Civ.P. 56(f);

Id.

The Court is required to give a party opposing a motion for summary judgment adequate time for discovery.  Silfa v. Meridian Bank, 1999 U.S. Dist. LEXIS 4626, *12-13 (E.D.Pa. 1999) citing Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988).  The district court is empowered with the discretion to decide whether the movants motion is ripe and thus decide whether to delay action on a motion for summary judgment.  Id. At *9.  Under Rule 56(f) the opposing party to a motion for summary judgment is to file an affidavit outlining the reasons for

---

[1] Microcopy's motion alleges non-infringement of independent claims 1, 24 and 29 of the '889 patent.  Plaintiffs are not alleging infringement of independent claim 1, therefore Microcopy's arguments with regard to claim 1 are not relevant to this case.

the party's opposition. Id. at *10. District Courts usually grant properly filed Rule 56(f) motions as a "matter of course." St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994).

### III.    DEFENDANT'S MOTION IS PREMATURE

In compliance with Fed.R.Civ.P. 56(f), attached herewith as Exh. 2 is the affidavit of Thomas J. Ring attorney for plaintiffs, Temple University and S.S. White, which sets forth reasons why the Microcopy motion is premature and thus, should be denied. At a minimum, plaintiffs should have the opportunity to depose the affiants Thomas Maass, Jr., Robert Finkel and Monty Person. Three and a half months of discovery still remain in this case as discovery is presently scheduled to close May 2, 2003. (Exh. 2, ¶5; See also Exh. 1, Scheduling Order October 17, 2002). Moreover, the deadline to file dispositive motions is not until October 3, 2003. Id. Although some written discovery has been initiated, the exchange of documents pursuant to the parties' Requests for Production of Documents has not been completed to date. Furthermore, no depositions have been taken by any of the parties in this case. (Exh. 2, ¶6).

In his affidavit, Mr. Maass, Jr. states that all facts set forth in Microcopy's Brief in Support of Defendant's Motion for Partial Summary Judgment are true and correct. (Defendant's Motion, Exhibit D). Discovery is needed for the plaintiffs to ascertain the credibility of the factal allegations made in the motion. In particular, with regard to independent claim 29, Microcopy alleges that it does not induce others to infringe because it does not suggest dental procedures to dentists. (Defendant's Motion for Partial Summary Judgment p. 11). However, Microcopy's advertisements not only suggest dental procedures for using the "Pit & Fissure Diamond" model #1300FS bur, they specifically suggest performance of both diagnostic and restoration procedures with Microcopy's bur. (See Microcopy advertisement, Exh. 3)

Discovery should be permitted to allow plaintiffs to obtain and investigate Microcopy's advertisements for its "Pit & Fissure Diamond" model #1300FS bur which suggest that the bur is to be used for diagnostic procedures: "explore and treat dental disease"; "small tip cuts minimally invasive exploratory groove" as well as being used for restoration procedures: "to treat decay"; "has depth to conservatively access decay"; "thin … width for … conservative preparations … can cut to DEJ (dentino enamel junction)"; "access for decay removal and delivery of . . . restorative material." (See advertisement for Microcopy #1300FS bur, Exh. 3).

Inducement includes a wide variety of sales-related activities including advertising and product instruction. Quantum Group Inc. v. American Sensor Inc., 48 U.S.P.Q.2d 1436, 1442 (N.D.Ill. 1998). Advertising which encourages end users to infringe a third party's patent constitutes inducement of infringement. See Chiuminatta Concrete Concepts v. Cardinal Industries, Inc., 145 F.3d 1303, 1311-1312, (Fed.Cir. 1998). In this case, discovery is needed to obtain further advertising materials of Microcopy and to depose Mr. Maass, Jr. and end users – such as dentists - who have seen Microcopy's advertisements which encourage use of the #1300FS bur for diagnostic and restorative procedures. (Exh. 2, ¶8). The ability to discover this information will preclude a finding of summary judgment for defendant.

Defendant's motion also alleges that the #1300FS bur originally had a head length of 2.7 mm but underwent a design change in October 2002 to extend the head length to 3.0 mm. (Defendant's Motion for Partial Summary Judgment, p.2). However, an advertisement from Microcopy's website obtained after defendant filed its motion (and after Mr. Maass, Jr. signed his affidavit) indicates that the #1300FS "Pit & Fissure Diamond," still has a 2.7 mm head length – which clearly falls within the infringing head length range in claims 24 and 29 of the '889 patent. (See Exh. 3; Microcopy website advertisement 1/10/2003, p.3; Exh. 2, ¶9). An offer for

sale is an infringing activity and thus, summary judgment should be denied and allow plaintiffs to ascertain the credibility of the factual allegations made in the motion through discovery.

Plaintiffs should be permitted to conduct discovery and depose Thomas Maass, Jr., Robert Finkel, Monte Person and others with technical knowledge of Microcopy's #1300FS bur to challenge Microcopy's allegation that its bur does not have cutting members.  This is especially needed since Microcopy's own advertisement of its #1300FS bur states: "2.7 mm head length-can <u>cut</u> to the DEJ" and "diameter tip – <u>cuts</u> minimally invasive exploratory groove." (Exh. 3, emphasis added).  Moreover, the '889 patent clearly states on more than one occasion that: "diamonds or other durable cutting materials may selectively be employed as cutting members" (Exh. 4, '889 patent, col. 4, lines 10-12) and "the cutting members can be comprised of diamonds or other durable cutting materials" (Exh. 4, '889 patent, col. 6, lines 56-57). Plaintiffs are entitled to receive in discovery; additional Microcopy advertisements and documents relating to the design and operation of the #1300FS bur; and to depose individuals having technical knowledge of the diamonds on the bur surface and their ability to act as cutting members.

Additionally, plaintiffs should be permitted the opportunity to depose Microcopy personnel to address Microcopy's position set forth at pp. 10-11 of Defendant's Motion for Partial Summary Judgment regarding its interpretation of claim 24 that the cutting members extend 1.5 to 3.0 mm when in fact the claim plainly reads that it is "the <u>bur head</u> which extends for a length ranging from 1.5 to 3 millimeters.  (See claim 24, Exh. 4).  Accordingly, discovery on these items will preclude a finding of summary judgment for defendant.

Furthermore, plaintiffs should be permitted to depose Robert Finkel and Monte Person, two previously unidentified witnesses who submitted affidavits attached as Exhibits F and G to

Microcopy's Motion for Partial Summary Judgment. In their affidavits, both witnesses vaguely state that they have used diamond burs "like the one shown and attached…since…". The bur photos attached to their affidavits are not identified as #1300FS burs or even Microcopy burs, but rather just as an unknown "#200 Dia" bur. (See Exhibits F, G of Defendant's Motion for Partial Summary Judgment). Plaintiffs will need to depose the affiants to investigate facts concerning the size, shape, operation, usage and type of bur attached to their affidavits. (Exh. 2, ¶11). Discovery is needed to determine the credibility of the statements made in these affidavits and to investigate the facts concerning burs "like the one shown" as stated in their affidavits. (Exh. 2, ¶11). For these reasons, Defendants Motion for Partial Summary Judgment is premature and should be denied pursuant to Rule 56(f).

Moreover, in order to find non-infringement there must be both no literal infringement and no infringement under the doctrine of equivalence.[2] Infringement under the doctrine of equivalents is an issue of fact. Southwall Techs. v. Cardinal EG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995). Microcopy does not even set forth an analysis under the doctrine of equivalents. An accused device may infringe under the doctrine of equivalents if the differences between the accused device and the claimed invention are "insubstantial." Desper Prods. v. Q Sound Labs, Inc., 157 F.3d 1325, 1338 (Fed. Cir. 1998). The test used to determine "insubstantiality" is whether the element performs substantially the same function in substantially the same way to obtain substantially the same result as the claimed invention. Graver Tank v. Linde Air Prods., 339 U.S. 605, 608 (1950). The test of substantiality of differences is determined from the viewpoint of one of ordinary skill in the art at issue in the patent. Warner-Jenkinson Co. v.

---

[2] In its motion Microcopy seems to suggest that the doctrine of equivalence is not available because amendments were made to some claims during the prosecution of the '889 patent. However, the Supreme Court has eliminated this per se rule in Festo Co. v. Shoketsu Kinyoku Kogyo Kabushiki Co., Ltd., et al. (See Exh. K of Defendant's

<u>Hilton Davis Chem. Co.</u>, 520 U.S. 17, 37 (1997). The affiants in Microcopy's motion do not even allege that they are one of ordinary skill in the art and no function/way/result "insubstantiality" analysis is performed in Microcopy's motion. For this reason alone, Defendant's Motion for Partial Summary Judgment must be denied.

## IV.   CONCLUSION

For these reasons, Microcopy's motion is clearly premature and thus, in accordance with Fed.R.Civ.P. 56(f), plaintiffs respectfully request that Defendant's Motion for Partial Summary Judgment be denied. If plaintiffs' request is not granted pursuant to Rule 56(f), plaintiffs respectfully request leave to file a written response to substantively respond to Defendant's Motion for Partial Summary Judgment.

Dated:_____

        Thomas J. Ring
        Bart T. Murphy
        Gary R. Gillen
        WILDMAN, HARROLD, ALLEN & DIXON
        225 W. Wacker Drive
        Chicago, Illinois 60606
        Telephone: (312) 201-2000

        Camille M. Miller
        Brian J. Urban
        COZEN O'CONNOR, P.C.,
        1900 Market Street
        Philadelphia, PA 19103
        Telephone: (215) 665-2000

        Attorneys for S.S. White Burs Inc.
        and Temple University

---

Motion for Partial Summary Judgment). Amendments made during patent prosecution provide only a presumption of prosecution history estoppel and not a complete bar to the doctrine of equivalence. <u>Id</u>. at p. 16.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S RESPONSE PURSUANT TO RULE 56(F) IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, has been served on opposing counsel via First Class mail, on this ____ day of January, 2003, at the following addresses:

>Robert Kennedy
>Lea Hall Speed
>BAKER, DONELSON, BEARMAN &
>CALDWELL, P.C.
>165 Madison Avenue, Suite 2000
>Memphis, TN  38103
>(901) 526-2000
>
>Ronald P. Schiller
>Daniel J. Layden
>PIPER RUDNICK LLP
>3400 Two Logan Square
>18th and Arch Streets
>Philadelphia, PA 19103-2762

_____