IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S. WHITE BURS, INC. a New Jersey Corporation, and TEMPLE UNIVERSITY- OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, a non-profit corporation of the Commonwealth of Pennsylvania,<br><br>    Plaintiffs,<br>v.<br><br>NEO-FLO, INC. d/b/a MICROCOPY a California corporation,<br><br>    Defendant. | Civil Action No. 02-cv-3656<br><br>Hon. Bruce Kauffman, U.S.D.J. |

**PLAINTIFFS' UNCONTESTED MOTION FOR
ENTRY OF THE PARTIES' STIPULATED PROTECTIVE ORDER**

  Plaintiffs, S.S. White Burs, Inc. ("S.S. White") and Temple University – of the Commonwealth System of Higher Education ("Temple"), by and through undersigned counsel, respectfully move for entry of the parties' stipulated protective order, the original of which is attached hereto and is intended to serve as the proposed accompany order. The parties agreed to the entry of the protective order to address the exchange of proprietary and confidential information and documents during discovery and through the litigation of this action.

  Plaintiffs sought and obtained the concurrence of defendant for the filing of this motion. Having obtained defendant's consent, undersigned counsel hereby certifies, pursuant to Local Rule of Civil Procedure 7.1(b), that this motion is uncontested.

Doc. No.: 802772

WHEREFORE, on behalf of the plaintiffs, S.S. White and Temple University, undersigned counsel respectfully requests this Court to approve the proposed stipulated protective order attached hereto.

Respectfully submitted on this 28th day of January, 2003.

COZEN O'CONNOR, P.C.

By: _____
Camille M. Miller
Brian J. Urban
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

Attorneys for Plaintiffs
S.S. White Burs, Inc. and
Temple University - Of The
Commonwealth System Of Higher
Education

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Plaintiff's motion for entry of the stipulated protective order upon counsel for defendant via U.S. First Class Mail.

| | |
|---|---|
| Daniel J. Layden, Esquire | Lea Hall Speed, Esquire |
| Piper Rudnick | Baker Donelson Bearman Caldwell |
| 3400 Two Logan Square | 165 Madison Avenue |
| 18th & Arch Streets | Suite 2000 |
| Philadelphia, Pennsylvania 19103-2762 | Memphis, Tennessee 38103 |

On: January 28, 2003            By: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S. WHITE BURS, INC., )<br>a New Jersey Corporation, and )<br>TEMPLE UNIVERSITY - )<br>OF THE COMMONWEALTH )<br>SYSTEM OF HIGHER EDUCATION, a )<br>non-profit corporation of the )<br>Commonwealth of Pennsylvania, )<br>      Plaintiffs, )<br>         )<br>   v.     )<br>         )<br>NEO-FLO, INC. )<br>d/b/a MICROCOPY )<br>a California corporation, )<br>      Defendant. )<br>         ) | Civil Action No. 02-cv-3656<br>Hon. Bruce Kauffman, U.S.D.J. |

**PROTECTIVE ORDER TO PROTECT
CONFIDENTIAL AND SECRET INFORMATION**

Plaintiffs S.S. WHITE BURS, INC. and TEMPLE UNIVERSITY, and Defendant, NEO-FLO, INC. d/b/a MICROCOPY, having agreed to handle certain confidential information that may be disclosed to them from another party or third party consistent with the terms and obligations set forth below, and appearing to the Court that a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is necessary and appropriate, and will facilitate discovery,

IT IS HEREBY ORDERED AND DECREED THAT:

1. This Protective Order shall govern all discovery responses, documents and testimony containing proprietary information or trade secrets (referred to herein as "CONFIDENTIAL information" and "CONFIDENTIAL-COUNSEL ONLY information") produced by a party to the above-identified action or by a third party (either of which is herein

referred to as the "producing party") in response to any discovery initiated or conducted by a party to this action (the "requesting party").

2. The producing party may designate all or any portion of any discovery response, document or testimony as comprising or containing CONFIDENTIAL information or CONFIDENTIAL-COUNSEL ONLY information which it does not wish to become known to the public generally and to the opposing party in particular.

3. The producing party shall indicate that a discovery response or document is CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY and subject to the protection provided by this Protective Order by marking the first page of each such discovery response or document supplied to the requesting party with the words "CONFIDENTIAL" or "CONFIDENTIAL-COUNSEL ONLY."

4. The producing party shall indicate that certain portions of testimony are CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY and subject to the protection by this Protective Order by making a statement to that effect on the record at the deposition or hearing.

5. CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY information obtained through discovery from a producing party in this action shall be treated as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY. Such information shall be used solely for this action, shall not be disclosed except as provided in this Protective Order and may not be used by or on behalf of any party or person for business, commercial, competitive or other purposes.

6. No transcripts, copies, extracts, abstracts or summaries of any discovery responses, testimony or documents designated as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY shall be made public except by or on behalf of counsel of record for the named parties. Any such transcripts, copies, extracts, abstracts or summaries shall also be designated and treated as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY information subject to the provisions of this Protective Order.

7. Designating CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY.

A. Only those discovery responses, testimony, or documents which contain information relating to "trade secrets" or "proprietary information" may be designated as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY. "Trade secrets" shall consist of information, that gives an opportunity to obtain an advantage over competitors who do not know or use it, including but not limited to a formula, pattern, compilation, program, method, technique, or process that derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by, other person who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. "Proprietary information" shall mean information concerning the producing party's sales or production in dollars or number of units or financial status or performance (including without limitation information concerning revenues, costs, sales, assets, liabilities, customers, sales organizations, vendors, research and development, foreign affiliates and relationships therewith, financial reports, advertising, marketing or sales plans or projections) or information which the producing party has obtained under an agreement requiring that such information not be disclosed to the requesting party or to third parties.

B. Discovery responses, testimony or documents designated as CONFIDENTIAL may be inspected only by the following qualified persons:

1. The requiring party, if a corporation, including up to but not exceeding six (6) of the requesting party's officers, directors, employees and in-house attorneys, and if an individual, including and limited to the individual.

2. Counsel of record for the parties (including paralegal and clerical employees).

   3. Subject to the provisions of Paragraph 9, persons who are independent experts, consultants and/or advisors consulted, employed or retained by counsel of record for the parties to perform investigative work, research, analysis or other services related to these actions.

   4. During the course of depositions, deponents who are employed by, who are retained by, or who represent the producing party.

   5. Qualified persons taking testimony as necessary, and stenographic and clerical personnel thereof.

  C. Discovery responses, testimony or documents designated as CONFIDENTIAL-COUNSEL ONLY may not be inspected by the parties to this action, including officers, directors, and employees, attorneys, accountants and any other party representative, except that such CONFIDENTIAL-COUNSEL ONLY discovery responses, testimony or documents may be seen only by counsel of record (including attorneys, paralegal and staff) of the requesting party and by the requesting party's independent experts and consultants who have been retained solely for the purposes of this lawsuit. Any disclosure to independent experts and consultants shall be done under the following conditions and requirements:

   1. Prior to disclosure to any independent expert or consultant who has been retained solely for the purposes of this lawsuit, counsel for the requesting party shall give written notification to the producing party of its intent to disclose, and shall obtain and serve on the producing party, an executed declaration of confidentiality that the person(s) to whom the disclosure will be made, has read this Protective Order and agrees to be bound by its terms.

2. Attorneys for the producing party shall have five (5) days from receipt of said notice to object to such disclosure and an additional day to apply to the Court for an Order prohibiting such disclosure. Should such objection and application be made in a timely fashion, no disclosure shall be made to such expert or consultant without leave of Court or a written agreement of the producing party.

8. A. Prior to the inspection by any qualified person or any documents or materials designated as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY, counsel arranging such inspection shall supply the qualified person with a copy of this Protective Order and shall have signed a copy of a Declaration of Confidentiality, agreeing to abide by the terms of this Protective Order, a copy of the form of which is attached hereto as Exhibit A.

B. Counsel conducting such inspection shall deliver a signed copy of the Declaration by each qualified person to the counsel for the producing party within thirty (30) days of its execution and prior to the commencement of any inspection and shall retain the original of the Declaration until final termination of this litigation, including all appeals, at which time all such Declarations shall be provided to counsel for the producing party.

C. By signing a Declaration, each such person agrees to be bound by the terms of this Protective Order and submits to the jurisdiction of this Court for appropriate proceedings and the imposition of any sanctions or other remedies, if ordered by the Court, in the event of a breach of the conditions of this Protective Order.

9. A. Should any party for any reason wish to disclose information designated as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY to any person other than those set out in Paragraph 7, such party shall provide the producing party with (a) the name, address, business or professional affiliation, and title (e.g., officer, director, etc.) of such person or (b) such other descriptive information as the production party deems sufficient, at least ten (10) days

prior to the proposed disclosure and shall not proceed with such disclosure if the producing party objects to the disclosure within the ten (10) day period.

   B. If the producing party objects, no disclosure shall be made under this Paragraph until the party seeking to make disclosure shall have obtained from the Court an Order permitting such further disclosure.

  10. Either party may file CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY information and documents under seal with the Court pursuant to the guidelines set forth in the Case Management Report filed in this case. All materials filed with the Court which include designated information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the identity of the party filing the materials, and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS DOCUMENTS SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED, NOR THE CONTENTS DISPLAYED, REVEALED, OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

The first page of any materials filed with the Court, which include designated material or information taken therefrom, shall bear a notice in substance substantially the same as that on the envelope. The Clerk of this Court will be directed to maintain under seal all documents and transcripts of deposition testimony filed in this action which have been designated in whole or in part CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY pursuant to the terms of this Protective Order.

  11. Disclosure of any information pursuant to the terms of this stipulation shall not be deemed a waiver of any claim of confidentiality which a party to this action would otherwise be entitled to invoke against a person or entity not a party to this action.

12. Upon final termination of this litigation, including all appeals, counsel for parties shall return all original materials and return or destroy all copies of materials marked CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY to the appropriate producing party, including all transcripts, copies, extracts, abstracts or summaries of such material. Should a party elect to destroy the copies of materials marked CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY, the party shall confirm to the other party in writing of the destruction of these copies.

13. Nothing contained in this Protective Order shall preclude the producing party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents, information or other discovery material; nor shall anything contained in this Protective Order relieve the producing party of its obligation to respond to discovery properly initiated.

14. A party may challenge the designation of any material as CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY and may move the Court for an order permitting the disclosure or use of any such material for a specific purpose or for any purpose.

15. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit but shall continue until an Order of the Court or the producing party waives the confidentiality or claimed secrecy in writing; provided, however, that this Protective Order shall not be construed (a) to prevent either party or its respective counsel from making use of information that was lawfully in its possession prior to the date of this Protective Order; (b) to apply to information that the other party or its counsel lawfully obtains from a third party having the right to disclose such information; (c) to apply to information that becomes public knowledge not in violation of this Protective Order; or (d) to apply to information that is available to the public or that was or is discovered independently by the requesting party.

16. This Protective Order shall bind, and shall inure to the benefit of, any parent, subsidiary, successor, or other corporate affiliate of a party and its successors and assigns to this action or a third party.

17. No summary or copy of any designated CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY information or material shall be made by any person other than at the express direction of the attorney for the producing party. Any such summary or copy shall be subject to the terms of this Protective Order to the same extent as the information or material from which such summary or copy is made.

18. Inadvertent disclosure of any documents or other information during discovery in this case shall be without prejudice to any claim that such material is CONFIDENTIAL or CONFIDENTIAL-COUNSEL ONLY. No party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

**Stipulated and agreed on behalf of Plaintiffs by Attorneys for Plaintiffs:**

Dated: 1/27/03           By: _____
                              Camille M. Miller
                              Brian J. Urban
                              COZEN O'CONNOR, P.C.
                              1900 Market Street
                              Philadelphia, PA 19103
                              Telephone: (215) 665-2000


**Stipulated and agreed on behalf of Defendant by Attorneys for Defendant:**

Dated: _____   By: _____
                              Ronald P. Schiller
                              Daniel J. Layden
                              PIPER RUDNICK LLP
                              3400 Two Logan Square,
                              18th and Arch Streets
                              Philadelphia, PA 19103
                              Telephone: (215) 656-3000

                              and

                              Robert B. Kennedy
                              Lea Hall Speed
                              BAKER DONELSON BEARMAN &
                              CALDWELL, PC
                              165 Madison Avenue, Suite 2000
                              Memphis, TN 38103
                              Telephone: (901) 526-2000


**THE FOREGOING IS APPROVED AND IT IS SO ORDERED BY THE COURT:**


Dated: _____   By: _____
                                      Honorable Bruce Kauffman, U. S. D. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S. WHITE BURS, INC., ) <br> a New Jersey Corporation, and ) <br> TEMPLE UNIVERSITY - ) <br> OF THE COMMONWEALTH ) <br> SYSTEM OF HIGHER EDUCATION, a ) <br> non-profit corporation of the ) <br> Commonwealth of Pennsylvania, ) <br>                 Plaintiffs, ) <br>           v. ) <br> NEO-FLO, INC. ) <br> d/b/a MICROCOPY ) <br> a California corporation, ) <br>                 Defendant. ) <br> ) | Civil Action No. 02-cv-3656 <br> Hon. Bruce Kauffman, U.S.D.J. |

### DECLARATION OF CONFIDENTIALITY

I, _____, hereby state that I have received and read a copy of the Protective Order in the above captioned case and that I understand its terms. I hereby agree to comply with, and to be bound by, the terms of the Protective Order. I hereby agree not to disclose any CONFIDENTIAL information to anyone who is not a Qualified Person, and agree not to make use of any such CONFIDENTIAL information other than for the purposes of this action. I further agree to take all necessary measures to maintain and protect the confidentiality of any and all materials and information designated as CONFIDENTIAL. I hereby submit to the jurisdiction of the United States for the Eastern District of Pennsylvania with respect to any issue arising out of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on this _____ day of _____, 200___, in _____.

By: _____

"EXHIBIT A"