IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S. WHITE BURS, INC., a New Jersey Corporation and TEMPLE UNIVERSITY– OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, a non-profit corporation of the Commonwealth of Pennsylvania,<br><br>           Plaintiffs,<br><br>   v.<br><br>NEO-FLO, INC. d/b/a MICROCOPY, a California corporation,<br><br>           Defendant. | Civil Action No. 02-CV-3656 |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
<u>MOTION TO COMPEL</u>**

Plaintiffs', Temple University of the Commonwealth System of Higher Education ("Temple University") and S.S. White Burs, Inc. ("S.S. White"), by and through their counsel, hereby respond to Defendant's Motion to Compel, and state as follows:

**I.      Introduction**

It is well settled that the interpretation of the claims of a patent is a legal analysis in which such determination is made by a court as a matter of law.  The Motion to Compel submitted by Defendant, Neo-Flo, Inc. d/b/a Microcopy ("Microcopy") does not seek facts, but rather Plaintiffs' legal analyses and conclusions by requesting Plaintiffs' interpretation of the patent claims.

In response to Microcopy's discovery requests, Plaintiffs identified the particular patent claims of U.S. Patent 6,257,889 ('889 patent) which they contend are infringed; stated how Microcopy's sale and advertisement of its 1300FS dental bur infringes the '889 patent; identified bates stamped documents which Plaintiffs reviewed in determining that Microcopy has infringed

the '889 patent; and provided Microcopy with a privilege log identifying privileged documents in response to its requests. Plaintiffs have more than adequately responded to Microcopy's discovery requests that do not seek privileged information and thus, the motion should be denied.

## II. Response

1. On January 23, 2003, Plaintiffs submitted responses to Microcopy's First Set of Interrogatories and Requests for Production of Documents. Plaintiffs responded to each of Microcopy's interrogatories and document requests; however, objections were made concerning discovery responses which sought patent claim constructions and legal infringement analyses as being, among other objections, privileged under the attorney-client privilege and attorney work product doctrine.

2. On February 7, 2003, Microcopy's counsel, Lea Speed, wrote Plaintiffs' counsel Gary Gillen regarding certain responses submitted by the Plaintiffs. Mr. Gillen conferred with Ms. Speed by teleconference on February 17, 2003 and agreed to provide further information to address issues raised in her letter. However, Mr. Gillen informed Ms. Speed that Plaintiffs would maintain their objections regarding the legal construction or interpretation of the patent claims.

3. On March 12, 2003, Mr. Gillen wrote to Ms. Speed in response to her previous communications. (Exh. A). Mr. Gillen's letter listed the particular patent claims which have been infringed and stated how Microcopy's sale and advertisement of its 1300FS dental bur infringed the '889 patent. (Exh. A). In particular, the letter stated "Microcopy has sold and advertised a conical shaped dental bur which has diamond cutting numbers on the body of the bur with the length of the bur head ranging from 1.5 to 3 millimeters. Microcopy advertisements show the 1300FS being used with dental equipment having hand pieces and the 1300FS bur being advertised to perform diagnostic procedures and restorative procedures to teeth. Further

investigation continues." (Exh. A) Therefore, to the extent that Microcopy's motion seeks facts regarding the "manner in which Plaintiffs allege that Defendant has infringed the claims of the patent-in-suit," the Plaintiffs assert, subject to their noted objections, that such information has already been provided to Microcopy.

4.  Furthermore, Plaintiffs have specifically identified and produced the bates stamped documents which were reviewed in determining that Microcopy has infringed the '889 patent. (See Exh. A). Plaintiffs have also submitted to Microcopy's counsel a privilege log identifying privileged documents. Accordingly, Plaintiffs have adequately responded to Microcopy's discovery requests.

5.  The only issue that remains is Microcopy seeking Plaintiffs' interpretation of the claims of the '889 patent. Plaintiff already indicated that Micropy's infringing actions result from selling and advertising a conical shaped dental bur which has diamond cutting numbers on the body of the bur with the length of the bur head ranging from 1.5 to 3 millimeters. Microcopy wants Plaintiff to provide more than the facts underlying its claim of infringement. Microcopy is seeking to also discover Plaintiffs' legal analyses and conclusions. This is unacceptable. In 1996, the United States Supreme Court held that the interpretation of patent claims is a matter of law reserved entirely for the court. Markman v. Westview Instruments, Inc., 517 U.S. 370, 372, 38 U.S.P.Q.2d 1461, 1463 (1996). See also Brainy Ideas, Inc. v. Media Group, 169 F.Supp.2d 361, 362 (E.D.Pa. 2001). The proper interpretation of a patent claim is a legal conclusion.[1] Desper Prods. v. Qsound Lab., 157 F.3d 1325, 1333 (Fed. Cir. 1998).

---

[1] Although Microcopy cites Larami Corp. v. Amron, 1993 WL 69581 (E.D.Pa. 1993) in alleging that the plaintiffs must show that defendants accused product falls within the claims as construed, it is the court that must construe the claims as a matter of law. See Markman at 372. Additionally, Microcopy's single reference to N.D.Cal. Patent Local Rule 3-1 is simply not controlling on this Court and Microcopy cites to no authority in this District regarding "preliminary" claim charts.

6.     Microcopy's motion which seeks Plaintiffs' interpretation of the claims of the '889 patent, prior to the close of discovery, is essentially seeking Plaintiffs' legal theories, opinions and conclusions.[2]  Plaintiffs' legal analysis of patent claims is protected by the attorney work product doctrine.  See <u>Thorn EMI North America, Inc. v. Micron Technology, Inc.</u>, 837 F. Supp. 616, 621 (D.Del. 1993).  See also Fed. R. Civ. P. 26(b)(3).

7.     Moreover, the arguments presented by Microcopy in its Motion to Compel are contrary to its own actions in responding to Plaintiffs' discovery requests.  Plaintiffs' First Set of Requests for Production of Documents and Things requested: "25.  All documents concerning the interpretation of any terms in the claims of the '889 patent."  On December 16, 2002, in response to this request, Microcopy specifically objected "to producing documents or information protected by the attorney-client privilege and work product doctrine." (Exh. B, See Defendant's Response to Plaintiff's First Set of Requests for Production, Response No. 25, p. 15).  To date, Microcopy has not produced or identified any documents concerning the interpretation of any terms of the claims of the '889 patent, nor has it submitted any privilege log to Plaintiffs.  Microcopy's motion is contradicted by its very own actions.

8.     In sum, Plaintiffs have adequately responded to Microcopy's Interrogatories Nos. 3 and 7 and Requests for Production of Documents Nos. 5 and 6.  Interrogatory No. 3 seeks the legal interpretation or construction of each patent claim construed which has been objected to as being privileged.  Regarding Interrogatory No. 7, Plaintiffs have stated facts relating to the physical structure, sale and advertisement of Microcopy's 1300FS bur which demonstrates how Microcopy has infringed specifically identified claims of the '889 patent.  Finally, regarding Microcopy's Requests for Production Nos. 5 and 6 which seek "all claim construction and

---

[2] The courts have detailed briefing schedules and Markman hearings after the close of discovery to assist the courts in this legal interpretation.

infringement analyses", Plaintiffs objected on numerous grounds including attorney-client privilege and the work product doctrine; however, Plaintiffs have also stated that, without waiving its objections, it will make available any non-privileged responsive documents. Accordingly, Microcopy's motion should be denied.

9. Further, Plaintiff will request, the Court enter a briefing schedule after the close of discovery and set a date for a patent claim construction hearing also known as a "Markman hearing". See Markman v. Westview Instruments, Inc., 517 U.S. 370, 38 U.S.P.Q.2d 1461 (1996). See also Moba, B.V. v. Diamond Automation, Inc., 2000 U.S. Dist. LEXIS 15483*7 (E.D.Pa. 2000). (Exh. C). After discovery closes, a briefing schedule for the preparation of claim construction legal briefs followed by a scheduled Markman hearing, will enable the parties to complete their depositions, fully develop the legal theories of their case and allow the Court to construe the claims in a Markman hearing prior to trial.

10. The appropriate time for claim construction is at a Markman hearing, the purpose of which is to construe the patent claims. See Markman, 517 U.S. at 372. See also Graco Children's Products, Inc. v. Regalo International, LLC , 77 Supp.2d 660, 661 (E.D.Pa. 1999). Additionally, courts have held that Markman hearings to determine proper claim construction are inappropriate prior to completion of discovery. Toter, Inc. v. Visalia, 1997 U.S.Dist. LEXIS 18898 (E.D.Cal. 1997). (Exh. D). Therefore, Plaintiffs respectfully submit that the appropriate time for parties to submit their legal claim construction analyses is pursuant to a briefing schedule for a Markman hearing.

WHEREFORE, Plaintiffs respectfully request that Defendant's Motion to Compel be denied and further suggest that a briefing schedule after the close of discovery be set for the parties to submit to the Court their claim construction briefs and a Markman hearing date.

Respectfully submitted,

Dated: April 21, 2003

_____
Thomas J. Ring
Bart T. Murphy
Gary R. Gillen
WILDMAN, HARROLD, ALLEN & DIXON
225 W. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 201-2000

Camille M. Miller
Brian J. Urban
COZEN O'CONNOR, P.C.,
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000

Attorneys for Plaintiffs S.S. White Burs Inc.
and Temple University

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing, Plaintiffs' Response to Defendant's Motion to Compel has been served on opposing counsel via First Class mail, on this 21st day of April, 2003, at the following addresses:

Robert Kennedy
Lea Hall Speed
BAKER, DONELSON, BEARMAN & CALDWELL, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000

Ronald P. Schiller
Daniel J. Layden
PIPER RUDNICK LLP
3400 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2762

Catherine M. Branka
Paralegal