IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.S. WHITE BURS, INC. and | : | CIVIL ACTION |
| TEMPLE UNIVERSITY – | : | |
| OF THE COMMONWEALTH SYSTEM | : | |
| OF HIGHER EDUCATION | : | |
| | : | |
| v. | : | |
| | : | |
| NEO-FLO, INC. d/b/a MICROCOPY | : | NO. 02-3656 |

ORDER AND OPINION

JACOB P. HART                                                              DATE:   May 2, 2003
UNITED STATES MAGISTRATE JUDGE

In this action, plaintiffs S.S. White Burs, Inc., and Temple University claim that defendant Neo-Flo, Inc. ("Neo-Flo") has infringed their patent on a dental bur.  Neo-Flo has now moved to compel Plaintiffs to respond more fully to certain interrogatories and requests for document production.  For the reasons set forth below, Neo-Flo's motion will be granted.

I.   Legal Principles

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is unprivileged, and "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1); Hickman v. Taylor, 329 U.S. 495 (1947).

As to patent law, the Honorable Lowell A. Reed, Jr., recently explained:

In general, a patent must describe the scope of the patentee's invention so as to "secure to [the patentee] all to which he is entitled, [and] to apprise the public of what is still open to them."  Markman v. Westview Instruments, Inc., 517 U.S. 370, 373, 116 S. Ct. 1384, 134 L. Ed.2d 577 (1996) (internal quotation omitted) (alteration in original).  This is accomplished through the specification of the patent, which should describe the invention in clear terms so that a person of ordinary skill in the art of the patent may make and use the invention, and the claims of the patent, which should "particularly point[] out and distinctly claim[]

the subject matter which the applicant regards as his invention." 35 U.S.C. § 112. Astrazeneca AB v. Mutual Pharmaceutical Co., Inc., 221 F. Supp.2d 535, 539 (E.D. Pa. 2002).

There are two stages in the litigation of a patent infringement case. First, in the process known as "claim construction", the court determines the scope and meaning of the patent claims disputed by the parties. Illinois Toolworks, Inc. ex rel Simco Div. v. Ion Systems, Inc., – F.2d –, 2003 WL 1143179 at *2 (E.D. Pa. 2003). This typically occurs following a "Markman hearing" (named after Markman v. Westview Instruments, Inc., supra), at which the parties present arguments as to why the court should construe a claim a certain way. Id. The second stage of litigation occurs at trial, when the factfinder compares the judicially-defined claims with the device that allegedly infringes upon them. Id.

In patent infringement proceedings, it is important to each party to know the differences between the patent at issue and the allegedly infringing product. For this reason, a party may demand that its opponent state exactly what its claims are, even asking for legal conclusion or opinions. Conopco, Inc. v. Warner-Lambert Co., Civ. A. No. 99-101 (KSH), 2000 WL 342872 at * 1 (D.N.J. Jan. 26, 2000). A plaintiff may be questioned as to which patent claims it contends are infringed. Id.

At times, courts will postpone to the end of discovery the responses of "contention interrogatories," which ask a party to state all facts and theories upon which it bases a contention, so that the party does not have to articulate theories of its case which are not yet fully developed. Fed. R. Civ. Pr. 33(c); B. Braun Medical Inc. v. Abbott Laboratories, 155 F.R.D. 525, 527 (E.D. Pa. 1994). However, interrogatories seeking the identification of elements or limitations alleged to be infringed, and the supporting documents, are not considered contention interrogatories, and

will not be postponed.  Id.

II.   The Specific Discovery Requests

A.    The Interrogatories

1.    Interrogatory No. 3:  If Plaintiffs have construed any of the patent claims of U.S. Patent No. 5,257,889 in determining that Defendant has infringed U.S. Patent No. 5,257,889, please state with specificity the meaning given each patent claim construed, identify each person who construed each patent claim, and identify everyone and everything relied upon in construing each patent claim.

Responses: [Identical for both plaintiffs]  Plaintiff ... incorporates by reference its General Objections as if set forth herein.  Plaintiff ... further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Interrogatory No. 7:  For each claim of the patent-in-suit, describe with particularity in a chart, on an element-by-element basis, the basis for Plaintiffs' contentions that "Defendant's dental bur" infringes the claims.

Responses: [Identical for both plaintiffs] Plaintiff ... incorporates by reference its General objections as if set forth herein.  Plaintiff ... objects to this Interrogatory as it seeks information protected from discovery by the rules governing the attorney-client privilege and the attorney-work-product doctrine.  Plaintiff ... further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs supplemented their responses to Interrogatory No. 7 in a letter dated March 13,

2003 from their counsel to Neo-Flo's counsel:

Regarding Interrogatory No. 7, plaintiffs further specifically object to the answer format requested by the defendant in this interrogatory as it seeks to impose objections [*sic*] or burdens different from or in addition to what is required under the Federal Rules of Civil Procedure or any applicable local rules.  Subject to and [*sic* "without"] waiving its General and Specific Objections, plaintiffs state that the manufacture, sale, distribution and/or advertisement of Microcopy's 1300 FS bur has infringed, at a minimum, claims 24, 27, 29, 30 and 31 of U.S. Patent No. 6,257,889.  Microcopy has sold and advertised a conical shaped dental bur which has diamond cutting members on the body of the bur with the length of the bur head ranging from 1.5 to 3 millimeters.  Microcopy advertisements show the

3

>1300FS being used with dental equipment having hand pieces and the 1300 FS bur being advertised to perform diagnostic procedures and restorative procedures to teeth. Further investigation continues.

Neo-Flo is entitled to discover the information it has requested in these interrogatories. As discussed above, because the essence of a patent infringement suit is the comparison between the elements of two products, this element-by-element disclosure is necessary to inform Neo-Flo of the exact nature of Plaintiffs' claims. See, Conopco, Inc., supra. Claim interpretations are not protected by the attorney-client privilege, nor are they attorney work product, since Plaintiffs will have to disclose them to prove their case. See, New L&N Sales and Marketing, Inc. v. Big M, Inc, 2001 WL 111613 at *8 (E.D. Pa. Feb. 1, 2001) (the patent holder bears the burden of proving patent infringement). Plaintiffs' argument that such discovery is inappropriate because claim construction is for the court obscures the fact that it is up to them, and not to the court, to develop some theory as to how they were wronged.

Alternatively, Plaintiffs argue that they should not have to reveal their claim construction until discovery has ended and they submit a brief for a Markman hearing. However, Markman hearings are scheduled at the end of discovery so that the parties have enough time to exchange the information which will make the hearing meaningful. See, Conopco, supra at *4 (Markman hearings prior to the completion of discovery are inappropriate); Toter Incorporated v. City of Visalia, 1997 U.S. Dist. LEXIS 18898 at *10 (E.D. Ca. Jul 11, 1997) ("The court ... sympathizes with Plaintiffs' concern that the parties don't yet know the terms in dispute ... [It] agrees that some discovery at the very least is necessary prior to the Markman hearing"). There is no reason to postpone discovery as to the nature of the action. If Plaintiffs subsequently change or further develop their claims, they are entitled to update their interrogatory responses.

4

Of course, material responsive to Neo-Flo's demand in Interrogatory No. 3 for "everyone and everything relied upon" by Plaintiffs is likely to include some privileged matter, which should be listed in a privilege log and not disclosed. However, Plaintiffs should identify non-privileged material upon which they have relied, such as other patents, Patent Office decisions, technical literature, or the like.

Finally, Plaintiffs are correct in pointing out that Neo-Flo has no basis for demanding that they produce information in a specific form, such as a chart. Nevertheless, I will direct them to prepare a claim chart, because this is a clear and frequently-used means for comparing patent claims.

B.    The Requests for Document Production

1.    Request No. 5: All claim construction and infringement analyses (inclusive of claim charts) ever prepared in relation to Plaintiffs' allegation that Defendant has infringed U.S. Patent No. 5,257,889.

   Response: Plaintiffs incorporate by reference their General Objections as if set forth herein. Plaintiffs further object to this request as vague, ambiguous and overly broad and unduly burdensome. Plaintiffs also object to this request as seeking materials that are irrelevant, immaterial, unreasonably cumulative, and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Request No. 6: All documents and things that relate to any claim construction or infringement analysis (inclusive of claim charts) with regard to Plaintiffs' allegation that Defendant has infringed U.S. Patent No. 5,257,889.

   Response: Plaintiffs incorporate by reference their General Objections as if set forth herein. Plaintiffs further object to this request as vague, ambiguous and overly broad and unduly burdensome. Plaintiffs also object to this request as seeking materials that are irrelevant, immaterial unreasonably cumulative, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to such objections, Plaintiffs state that they will make available for inspection non-privileged responsive documents which they have in their possession, custody or control at a mutually agreeable date and time at the office of Plaintiffs' counsel, Wildman, Harrold, Allen & Dixon, 30 Floor, 225 West Wacker Drive, Chicago Illinois, 60606 subject to the terms, and upon entry by the Court, of a Protective Order for the protection of confidential information.

Plaintiffs should disclose to Neo-Flo their current claim charts, claim constructions and infringement analyses asked for in Request No. 5. As to Request No. 6, it appears from Neo-Flo's representations in its motion that this is primarily another route to obtaining claim charts, and written claim constructions and infringement analyses. Although the "documents and things" requested may include matter properly protected as attorney work-product, or by the attorney-client privilege, Plaintiffs should produce responsive, non-privileged materials. It is noted that Plaintiffs have already offered to give Neo-Flo the opportunity to inspect this material at their attorney's office.

III.   Conclusion

For the reasons discussed above, I now enter the following:

O R D E R

AND NOW, this    2nd    day of   May   , 2003, upon consideration of Defendant's Motion to Compel Discovery, docketed in this case as Document No. 28, and Plaintiffs' Response thereto, I now ORDER that Defendant's Motion to Compel is GRANTED. Plaintiffs shall produce the requested discovery on or before 14 days from their receipt of this Order.

BY THE COURT:

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE